**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4718-17T1
                 A-0404-18T1

U.S. BANK NATIONAL
ASSOCIATION, not in its
individual capacity but solely
as trustee for THE RMAC
TRUST, SERIES 2016-CTT,

       Plaintiff-Respondent,

v.

VICTOR COSTA, his heirs, devisees
and personal representatives and his,
their or any of their successors in
right, title and interest; JORGE
COSTA, SOPHIA ALVESDE BARROS-
COSTA, MR. ALEXANDRA COSTA,
husband of ALEXANDRA COSTA,
STATE OF NEW JERSEY, FRANCIS
GRANGER, CONTINENTAL TRADING
& HARDWARE, TD BANK, N.A., NEW
MILLENNIUM BANK, JEFFREY W.
YEAGER, GERALD A. YEAGER, and
AFCO ELECTRIC CO., INC.,

          Defendants,

and

ALEXANDRA COSTA,

    Defendant-Appellant.

_____

Submitted July 9, 2019 – Decided August 13, 2019

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-051349-14.

Alexandra Costa, appellant pro se.

Pluese, Becker & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the briefs).

PER CURIAM

In this residential mortgage foreclosure action, defendant Alexandra Costa appeals from Chancery Division orders denying her motions to vacate the final judgment and to set aside the sheriff's sale. We have consolidated these back-to-back matters for purposes of the opinion. We affirm.

I.

In July 2007, defendant executed a note in the amount of $410,000 in favor of Bank of America, N.A. (Bank of America). To secure payment on the note, both defendant and Victor Costa executed a mortgage securing the debt with the

property located at 39 Fillmore Street in Newark.  The mortgage was recorded on August 1, 2007.

On February 1, 2009, defendant and Victor Costa failed to make the requisite payment on the note.[1]  No payments have been made on the loan since that date.

In November 2012, Bank of America assigned the mortgage to Nationstar Mortgage, LLC (Nationstar).  The assignment was recorded on December 31, 2012.[2]

Nationstar filed a foreclosure complaint in December 2014.  Nationstar then assigned the mortgage to plaintiff.  On February 1, 2017, the court granted leave for plaintiff to substitute for Nationstar in the foreclosure action.  The court granted an order of default before issuing final judgment and a writ of execution in July 2017.

Six months later, defendant made her first appearance in the matter, filing a motion to vacate final judgment.  The chancery court denied the motion.

---

[1]  Victor Costa passed away in 2011.

[2]  The record indicates the assignment was recorded a second time on April 4, 2013.

A-4718-17T1

A sheriff's sale was eventually conducted in July 2018. Plaintiff purchased the property at the auction for $100.

Defendant later filed a motion objecting to the sale, which the court viewed as a motion to set aside the sale. The court denied the motion in September 2018. Defendant then filed the appeals under review, seeking reversal of the orders denying her motions to vacate the final judgment and to set aside the sheriff's sale.

II.

In a mortgage foreclosure proceeding, the court must determine three issues: "the validity of the mortgage, the amount of the indebtedness" and default, and the right of the party to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). "As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). Absent a showing of ownership or control, a "plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed." Ibid. (quoting Ford, 418 N.J. Super. at 597).

A-4718-17T1

A plaintiff establishes standing by demonstrating "either possession of the note or an assignment of the mortgage that predated the original complaint . . . ." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Mitchell, 422 N.J. Super. at 216).

Nationstar, the original plaintiff in the action, received the mortgage via an assignment executed on November 7, 2012 and recorded the following month. Therefore, Nationstar possessed an assignment of the mortgage at the time it filed its complaint on December 8, 2014. Plaintiff then received the mortgage via a subsequent assignment, and later filed a motion to substitute for Nationstar as plaintiff. Defendant did not oppose the motion. Thus, plaintiff had standing to proceed with the foreclosure.

Defendant argues the record does not state how plaintiff received the mortgage assignment. However, this argument is irrelevant. As the chancery judge explained, a third party cannot challenge the transfer of a mortgage. See Ross v. Lowitz, 222 N.J. 494, 513 (2015) (quoting Broadway Maint. Corp. v. Rutgers, 90 N.J. 253, 259 (1982)).

Defendant also argues the chancery court wrongly upheld the sheriff's sale. We review motions to set aside a sheriff's sale for an abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). To set aside a sale, we

require a showing of fraud, accident, surprise or mistake, irregularities in the sale, or other similar circumstances.  See R. 4:50-1; Karel v. Davis, 122 N.J. Eq. 526, 528 (E & A 1937).

Defendant claims that a lack of proof of the sheriff's sale demonstrates irregularities that require the sale to be vacated.  Essentially, defendant attacks the validity of the sale, arguing she did not receive adequate proof the sale occurred.  She frames this alleged inadequate proof as an "irregularity" in the sale.

Defendant's claim lacks merit as she fails to identify any circumstances to justify an order vacating the judgment, under Rule 4:50-1.  The record on appeal contains a Report of Sale and a copy of the Sheriff's Deed to plaintiff.  This proof of the sale is sufficient for us to conclude the chancery court did not abuse its discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4718-17T1